NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN GRANADOS ESPINOZA, | No. 18-70385 |
| Petitioner, | Agency No. A089-866-633 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2020**
Seattle, Washington

Before: M. SMITH and N.R. SMITH, Circuit Judges, and TUNHEIM,*** District
Judge.

Petitioner Juan Granados Espinoza, a native and citizen of Mexico, petitions

for review of the Board of Immigration's (BIA) decision approving and adopting the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, United States Chief District Judge
for the District of Minnesota, sitting by designation.

immigration judge's (IJ) decision to deny Petitioner's requests for withholding of removal and protection pursuant to the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. We review the denial of withholding of removal and CAT relief for substantial evidence. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). We must deny the petition unless "the evidence not only *supports* a contrary conclusion, but *compels* it[.]" *Id.* (citation omitted) (emphasis in original). "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, this court reviews both decisions." *Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011).

2. Substantial evidence supports the denial of withholding of removal because Petitioner did not establish that his proposed particular social group of "Mexican, male, criminal deportees returning to Mexico after absences of longer than five years" was cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016). In particular, Petitioner's evidence did not show that Mexican society views the group as socially distinct.[1] *See id.* at 1136. Thus, Petitioner cannot qualify for withholding of removal.

Substantial evidence supports the IJ's further conclusion that Petitioner failed to establish that the harm he fears was or would be on account of his membership in

---

[1] Because Petitioner failed to establish social distinction, Petitioner's assertion that the BIA engaged in improper factfinding on lack of particularity is inapposite.

the proposed group. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (an applicant must show that "persecution was or will be *on account of* his membership in such group" (emphasis added)). Petitioner's generalized fear of being a victim of crime is insufficient. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

3. Substantial evidence supports the denial of CAT relief because Petitioner failed to show that it is more likely than not that he will be tortured by or with the consent or acquiescence of the Mexican government. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003). The harm that Petitioner experienced in 2008 is not a sufficient basis for CAT relief. *See Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir. 2007) (affirming denial of CAT relief by concluding that past harm, including four arrests and beatings, did not demonstrate that petitioner would likely be tortured if returned to Bangladesh). Petitioner's reliance on evidence of crime and harm that could befall any individual in Mexico also cannot warrant CAT relief here.[2] *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a

---

[2] Petitioner's assertions that the IJ and BIA failed to consider particular items of evidence regarding generalized crime in Mexico is unavailing. Neither the IJ nor the BIA must cite and discount every item of evidence. *See* 8 C.F.R. § 1208.16(c)(3) (simply requiring the consideration of "all evidence"). Petitioner's reliance on *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011), is misplaced because "nothing in the record or the BIA's decision indicates a failure to consider all the evidence[.]" *Id.*

whole in Mexico, they have failed to carry their burden.").  We have considered all other arguments raised and find them unavailing.

**PETITION FOR REVIEW DENIED.**